**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Joseph J. and Sherrie L. J., Defendants,

Of whom Joseph J. is the Appellant.

In the interest of a minor child under the age of 18 years.

Appellate Case No. 2012-213042

Appeal From Dillon County
Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2014-UP-053
Submitted November 1, 2013 – Filed February 5, 2014

**AFFIRMED**

Marian Dawn Nettles, of Nettles, Turbeville & Reddeck, of Lake City, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

**PER CURIAM:** Joseph J. (Father) appeals the family court's order of removal, arguing the family court erred in (1) concluding a preponderance of the evidence supported a finding that Father sexually abused his daughter (Child) and (2) refusing to admit a psychological study of Child performed by the Colorado Department of Social Services (DSS). We affirm.

1. We find the family court did not err in concluding Father sexually abused Child. The family court may order a child be removed from the custody of a parent if the court finds the allegations of the petition are supported by a preponderance of the evidence and determines the child is abused or neglected as defined in section 63-7-20 of the South Carolina Code (2010), returning the child to the home would place her at unreasonable risk of harm, and removal is the only reasonable way to protect the child from this harm. S.C. Code Ann. § 63-7-1660(E) (2010). A child is abused or neglected if the parent commits a sexual offense against the child. S.C. Code Ann. § 63-7-20(4)(b) (2010). Although Father presented conflicting testimony to show he did not sexually abuse Child, the family court relied heavily on Child's testimony to find Father sexually abused her. *See Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011) (holding although this court reviews factual and legal issues de novo on appeal from the family court, this court should not ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony). Additionally, the South Carolina DSS caseworker and a family clinical therapist asserted Child disclosed Father sexually abused her. Thus, Father failed to show the family court erred in its findings. *See id.* at 388, 709 S.E.2d at 653 (providing the burden is upon the appellant to show the family court erred in its findings).

2. We find the family court did not err in refusing to admit a psychological study of Child performed by the Colorado DSS. *See High v. High*, 389 S.C. 226, 238, 697 S.E.2d 690, 696 (Ct. App. 2010) ("[A] family court's ruling on the admission or exclusion of evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law.").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.